UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv470-MU[1]
(3:99cr58-W)

| | |
|---|---|
| TERRENCE CUNNINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed September 15, 2011.[2] (Doc. No. 1). No response is necessary from the Government.

## I. PROCEDURAL HISTORY

On May 3, 1999, a federal grand jury returned a Bill of Indictment charging that Petitioner conspired to possess with intent to distribute cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Criminal Case No. 3:99cr58, Doc. No. 6). On May 26, 1999, Petitioner appeared before the Court and pled guilty to the subject charge pursuant to a written Plea Agreement. Such Agreement contained, <u>inter alia</u>, the parties' stipulation that Petitioner's offense involved more than 500 grams but less than 1.5 kilograms of

---

[1] This case originally was assigned to the Honorable Frank D. Whitney, U.S. District Judge, but recently was reassigned to the undersigned for disposition.

[2] Petitioner's motion contains a certification advising the Court that he delivered said motion to Prison authorities for posting to this Court on September 15, 2011. Thus, pursuant to the rule articulated in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the Court will treat the Motion as having been filed on the date that Petitioner delivered it to authorities, September 15, 2011, rather than on the date on which it was received and filed by the Court, September 19, 2011.

cocaine base, and that his Base Offense Level under the U.S. Sentencing Guidelines was 36. (Id., Doc. No. 8).

On October 25, 2000, the Court held Petitioner's Factual Basis and Sentencing Hearing, during which it adopted the U.S. Probation Office's Pre-Sentence Report. (Id., Doc. No. 24 at 4). Such Report indicated that Petitioner was a Career Offender whose total Offense Level was 37, his Criminal History Category was VI, and his corresponding range of imprisonment was 262 to 327 months. (Id.). After hearing from counsel for the parties the Court determined that although Petitioner's minimum Guidelines sentence was 262 months, pursuant to the then-recently announced case of Apprendi v. New Jersey, 530 U.S. 466 (2000), it could not sentence Petitioner beyond his statutory maximum term of 240 months' imprisonment. (Id. at 10-11). The Court's Judgment imposing the 240-month sentence was filed on November 16, 2000. (Id., Doc. No. 21). Petitioner did not appeal that Judgment.

However, more than seven years later on June 2, 2008, Petitioner filed a pro-se Motion seeking a sentence reduction under 18 U.S.C. § 3582. (Id., Doc. No. 25). On June 15, 2009, the Court denied Petitioner's Motion. (Id., Doc. No. 33). Thereafter, on September 10, 2009, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal for his failure to prosecute that matter.

In addition, on March 15, 2010, Petitioner reportedly filed a Habeas Corpus Petition under 28 U.S.C. § 2241 in the Eastern District of North Carolina, arguing that this Court lacked the jurisdiction to convict and sentence him, his sentence was unconstitutional, and that Respondent breached the parties' Plea Agreement. (See 5:10HC2041-D, E.D.N.C). However, Petitioner advises that the subject Petition was dismissed on May 24, 2011.

Petitioner has now filed the instant § 2255 Motion alleging as his first claim that his

2

guilty plea was unconstitutionally entered by virtue of the Apprendi decision, he somehow is actually innocent, and his plea was not knowingly and voluntarily entered. (Doc. No. 1 at 4). Petitioner's second claim alleges that he is actually innocent of the career offender designation. (Id. at 5). Petitioner's Motion also asks the Court for an evidentiary hearing to resolve his claims. (Id. at 7).

## II. ANALYSIS

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

As is noted on Petitioner's form-Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could

3

have been discovered through the exercise of due diligence.

The instant record shows that the Judgment imposing Petitioner's conviction and sentence was filed November 16, 2000, and that he did not appeal that decision. Therefore, Petitioner's case became final 10 days later, on November 28, 2000, that is, at the expiration of the period during which he could have filed his notice of appeal. See Fed. R. App. P. 4(b)(1) (providing 10-day period for appealing criminal cases); and Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). As a result of the foregoing, Petitioner had up to and including November 28, 2001 in which to file the instant Motion to Vacate. 28 U.S.C. § 2255. Obviously, he did not file this Motion by that date.

However, Petitioner properly recognized that his Motion to Vacate likely would be construed as time-barred. That is, his form-Motion to Vacate expressly admonished[3] him that if he was filing his Motion more than one year after his Judgment had become final, such Motion could be construed as time-barred. Thus, Petitioner set out to establish that his claims somehow have been timely presented. That is, in addition to asserting that he should not be time-barred because he is claiming actual innocence of both the conviction and sentence, Petitioner states:

---

[3]In accordance with the rule articulated in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (requiring the district court to advise the pro-se petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA and to give the petitioner an opportunity to explain his delay before entering a sua sponte dismissal of the case), the Administrative Office of the Courts provides petitioners with a modified federal habeas form. The new form includes a section that directs petitioners to address the "timeliness of [their] Petition[s]." In particular, question 18 on the new form advised this Petitioner that if his conviction became final more than one year before the time that the Motion to Vacate is being submitted, he "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [his] motion." Thus, inasmuch as Petitioner obviously has read that question and has proffered a reason why his Motion should be construed as timely filed –- albeit unsuccessfully -- the Court finds that no further notice or opportunity for response is required for him.

4

> Although, Cunningham was sentenced on October 25, 2000, his
> federal sentence did not begin until January 12, 2006, as he was a
> fugitive during that period of time. Further, since being incarcerat-
> ed Cunningham has been undergoing treatment for his kidneys.
> Specifically, he has to have dialysis treatment often, and the side
> effects therefrom has [sic] interferred [sic] with him [sic] preparing
> and filing a motion earlier. . . . Accordingly, Cunningham should
> be allowed to proceed with his constitutional claims on the merit
> . . . . The passage of time is not a factor to be considered in a [sic]
> actual innocence claim. Therefore, Cunningham submits that his
> motion/memorandum is properly before this court for a review of
> his claims on the merit.

Suffice it to say, the foregoing explanation does not set forth a statutory ground for extending the date on which Petitioner's one-year limitations period began to run. Indeed, Petitioner cannot possibly be asserting that the commencement of his one year limitations period in November 2000 should be delayed on the basis of his flight from justice or on the basis of his need for medical treatment following his capture in 2006. To reach such a conclusion would result in the Court's rewarding Petitioner for his misconduct. Such an anomaly obviously was not intended by the drafters of the AEDPA.

Similarly, Petitioner's explanation also fails to establish that his case is one of those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period against him. Indeed, the Supreme Court has stated that the one-year limitation period is subject to equitable tolling when a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. ___ , 130 S.Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). However, Petitioner's flight from justice cannot possibly be construed as a diligent pursuit of his rights. On the contrary, the doctrine of fugitive disentitlement likely precludes Petitioner's reliance upon his flight or any circumstances resulting from or during that

flight to support a request for equitable tolling. See, e.g., Alshare v. United States, 2011 WL 2447091, at * 2 (M.D.N.C. June 15, 2011) (unpublished) (doctrine of fugitive disentitlement applies to § 2255 motions and precluded petitioners from benefitting from their flight in any way); and Birch v. Warden, Okaloosa Correctional Inst., 2007 WL 4443098, at * 5 (D.S.C. Dec. 14, 2007) (declining to apply equitable tolling for time-barred § 2254 petition filed by former fugitive).

Nor does the fact that Petitioner is claiming actual innocence somehow render his Motion timely filed. To be sure, other than his unlawful flight from justice, Petitioner has failed to point to a single reason why he could not have timely raised his challenges.

Furthermore, neither the Supreme Court nor the Fourth Circuit has expressly ruled that an "actual innocence" exception exists for time-barred motions. Liberte v. Warden, Lieber Correctional Inst., 2010 WL 3701367, at * 3 (D.S.C. Sept. 14, 2010 ) (unpublished). Rather, the Fourth Circuit actually has affirmed a district court's rejection of such an argument in an unpublished opinion. See Blakney v. United States, 2011 WL 1113468, at * 4 (D.S.C. March 24, 2011) (unpublished) (declining to find actual innocence exception to the AEDPA's statute of limitations), aff'd , 2011 WL 4336742 (4th Cir. Sept. 16, 2011) (unpublished).

Likewise, multiple circuits have concluded in published opinions that there is no such exception. See Lee v. Lampert, 610 F.3d 1125, 1128-31 (9th Cir. 2010) (concluding there is no actual innocence exception the AEDPA's statute of limitations); Escamilla v. Jungwirth, 426 F./3d 868, 871 (7th Cir. 2005) (holding that actual innocence "is unrelated to the statutory timeliness rules . . . [and] does not extend the time to seek collateral relief"); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) (holding that "defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is

6

overwhelming"); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (stating that claims of actual innocence do not "justify equitable tolling of the limitations period"); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (noting that there is no actual innocence exception separate from the usual equitable tolling factors); but see Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005) (permitting equitable tolling of the AEDPA's limitations period based on actual innocence). Ultimately, in the absence of any controlling Supreme Court or Fourth Circuit precedent, this Court is persuaded by those cases that have declined to find an actual innocence exception.

Finally, the Court finds that while Petitioner has adequately presented his claims and arguments, he still has failed to demonstrate a statutory ground for extending the date on which his one-year limitations period began to run and he has failed to provide a basis for equitably tolling his nearly 10-year delay. Consequently, there is no reason for the Court to hold a hearing on his time-barred claims.

### III. CONCLUSION

Petitioner has admittedly failed to timely file the instant Motion in accordance with the AEDPA, and has also failed to articulate a reason why the Motion should be construed as timely filed. Therefore, the Motion must be summarily dismissed as time-barred.

### IV. ORDER

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is **DISMISSED** as untimely filed.

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing either that the Court's dispositive ruling is debatable or that her § 2255 motion states a debatable claim of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

7

473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).  Consequently, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

**IT IS SO ORDERED.**

Signed: September 26, 2011

Graham C. Mullen
United States District Judge